### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
--------------------------------------------------------x
DEBORAH LAUFER,                          :
                                         :
            Plaintiff,                   :      Case No. 3:20-cv-00448-VAB
                                         :
v.                                       :
                                         :
441 POST ROAD LLC,                       :
                                         :
            Defendant.                   :
                                         :
--------------------------------------------------------x      JULY 7, 2020
```

## (CORRECTED) MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)[1]

The Defendant, 441 Post Road LLC, hereby submits this Memorandum of Law in support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I.      FACTS[2]

The Plaintiff is a resident of Florida and claims to qualify as a disabled person under the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").  (First Amended Complaint, ¶ 1.)  The present case appears to be one of over 200 similar lawsuits brought by the Plaintiff in no fewer than fourteen districts, including eleven of which are currently pending in the District of Connecticut.  See excerpt of PACER search results attached hereto as Exhibit A.  The Plaintiff is seeking, and is limited to under the ADA, the remedies of injunctive relief, attorney's fees and costs.

---

[1] The Defendant has filed this corrected Memorandum in order to correct references to the Complaint to be to the First Amended Complaint (ECF No. 18).  This corrected Memorandum supersedes ECF No. 20.

[2] For the purposes of the Motion to Dismiss and this Memorandum of Law the Defendant refers to the facts as alleged by the Plaintiff, but does not concede that the Plaintiff's allegations are accurate and denies that her claim has any merit.

The Defendant owns a hotel located at 417 Post Road, Fairfield, Connecticut known as the Circle Hotel Fairfield (the "Hotel").  (First Amended Complaint, ¶ 3.)  The Plaintiff claims that the Defendant has discriminated against her by operating websites which allegedly fail to conform with the requirements of 28 C.F.R. § 36.302(e)(1).  (First Amended Complaint, ¶¶ 9, 10, 13).  Specifically, the Plaintiff claims that several websites, including those located at travel sites such as expedia.com, hotels.com and priceline.com, fail to include sufficient information as to whether the rooms or features at the Hotel are accessible.  (First Amended Complaint, ¶ 10).

The Plaintiff does not allege to have ever visited the Hotel or even the State of Connecticut.  Instead, the Plaintiff claims to be an advocate for the disabled and a "tester" for the purposes of asserting her civil rights and monitoring and ensuring that places of public accommodation and their websites comply with the ADA.  (First Amended Complaint, ¶ 2.)  The Plaintiff alleges that at some unspecified time she "intends to revisit the Defendant's websites and/or online reservation system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, benefits, advantages, and accommodations of the Property."  (First Amended Complaint, ¶ 11).  The First Amended Complaint does not contain any other allegations concerning the Plaintiff's future plans with respect to visiting the Hotel or Connecticut.

## II.    ARGUMENT

### A.    The Plaintiff's First Amended Complaint Should be Dismissed Under Federal Rule of Civil Procedure 12(b)(1) for Lack of Standing.

1.     **Legal Standard Under Rule 12(b)(1).**

A motion to dismiss for lack of standing is made pursuant to Rule 12(b)(1).  O &

G Indus., Inc. v. Aon Risk Services Ne., Inc., 922 F. Supp. 2d 257, 262 (D. Conn. 2013).

In deciding a motion to dismiss, standing cannot be inferred argumentatively from

averments in the pleadings, but rather must affirmatively appear in the record.  Spencer

v. Kemna, 523 U.S. 1, 11, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).  A case is properly

dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the

district court lacks the statutory or constitutional power to adjudicate it.  Makarova v.

United States, 201 F.3d 110, 113 (2d Cir. 2000).  In assessing a motion to dismiss for

lack of subject matter jurisdiction, the court "accept[s] as true all material factual

allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131

(2d Cir. 1998). The court, however, refrains from "drawing from the pleadings inferences

favorable to the party asserting [jurisdiction]." Id.  On a motion to dismiss pursuant to

Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject

matter jurisdiction over the complaint. Makarova, 201 F.3d at 113.

2.     **The Plaintiff Does Not Have Standing to Bring This Claim.**

The ADA provides that "[n]o individual shall be discriminated against on the basis

of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person

who owns, leases (or leases to), or operates a place of public accommodation." 42

U.S.C. § 12182(a).  Title III of the ADA offers limited remedies to private litigants.  The

only remedy available to a private plaintiff under Title III of the ADA (other than

attorney's fees) is injunctive relief to prevent ongoing discrimination.  See Fiorica v.

University of Rochester, School of Nursing, No. 07-CV-6232T, 2008 WL 907371, at *2 (W.D.N.Y. March 31, 2008).

The Plaintiff alleges that the Defendant has discriminated against her by operating websites which fail to conform with the requirements of 28 C.F.R. § 36.302(e)(1).  (First Amended Complaint, ¶¶ 7, 9, 10, 13).  This regulation, promulgated under the ADA, provides that hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). The Plaintiff claims that several websites fail to include sufficient information as to whether the rooms or features at the Hotel are accessible.  (First Amended Complaint, ¶ 10).

The Plaintiff does not have standing to pursue this claim.  In order to establish standing pursuant to Article III of the U.S. Constitution, a plaintiff must show (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) a causal connection between the injury and the conduct complained of and (3) it is likely, as opposed to merely speculative that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

For an injury to be particularized, it must affect the plaintiff in a personal and individual way.  Id. at 560, n.1. To be "concrete" an injury "must actually exist"; the injury must be "real" and not "abstract." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). Spokeo, the leading relevant case, holds that "even in the context

4

of a statutory violation," "**a bare procedural violation, divorced from any concrete harm**," does not satisfy the injury-in-fact requirement of Article III. Id. at 1549–50 (emphasis added) (holding that the plaintiff could not satisfy the demands of Article III by simply alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[ ] may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm"). A "risk of real harm" may satisfy the requirement of concreteness. Id. at 1549-50 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is 'whether the particular ... violations alleged ... entail a *degree of risk* sufficient to meet the concreteness requirement.' " Crupar-Weinmann v. Paris Baguette Am., Inc., 861 F.3d 76, 80 (2d Cir. 2017) (emphasis in original) (quoting Spokeo, 136 S. Ct. at 1550).

"A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." Deshawn E. ex rel. Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998). In addition, the Second Circuit has recognized that an ADA plaintiff must allege the following: (1) past injury under the ADA; (2) that "it is reasonable to infer from [the] complaint that this discriminatory treatment will continue; and (3) it is also reasonable to infer, based on the past frequency of [her] visits and the proximity of defendant['s facility] to [her] home, that [the plaintiff] intends to return to [this facility] in the future." Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008). Courts have recognized that an ADA plaintiff must show a "plausible" intent to return to the site of the

5

violations. See Access 4 All, Inc. v. G & T Consulting Company, LLC, 2008 WL 851918, at *4 (S.D.N.Y. 2008).  In order to be plausible, a plaintiff's intent to return to the place of the purported violation must also be demonstrated with reasonable specificity; speculative "some day" intentions to return are insufficient. Harty v. Greenwich Hosp. Group, LLC, No. 3:11CV1759 (AVC), 2012 WL 12895677, at *2, aff'd, 536 Fed. Appx. 154 (2d Cir. 2013). In order to determine plausibility, courts have considered, (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.  Id.

An application of these factors to the present case demonstrates that the Plaintiff does not have standing.  First, the Plaintiff resides in Florida - nowhere near the vicinity of the Hotel.  Second, the Plaintiff does not allege to have ever visited the Hotel.  Third, the Plaintiff has no definite plans to visit the Hotel.  The Plaintiff claims to be a "tester" and vaguely alleges that at some unspecified time in the future she intends to revisit the Defendant's websites "and/or utilize the websites" to reserve a room.  The Plaintiff does not provide a time frame for when this might happen and does not provide any reason why she might be visiting the area, nor could any such allegation be inferred from the First Amended Complaint.  Finally, the Plaintiff has not alleged she has ever visited Connecticut or has any plans to do so in the future.

Case law from this district and the Second Circuit supports dismissal.  The Plaintiff in Harty v. Greenwich Hosp. Group, LLC, No. 3:11CV1759 (AVC), 2012 WL 12895677, at *1, aff'd, 536 Fed. Appx. 154 (2d Cir. 2013), alleged that on a visit to the defendant's hotel in Stamford, Connecticut he encountered architectural barriers which

discriminated against him on the basis of his disability and endangered his safety. The

plaintiff, a Florida resident, further alleged that he used to reside nearby in Nyack, New

York, that he traveled to the area several times a year to visit family and attend gun

shows, that when he travels to New York, he stays in the area, including Stamford, and

that he planned to return to the area in June, 2012. Id. These allegations stand in stark

contrast to the allegations at issue here, where the Plaintiff has made no allegations

concerning any connection to or reason to visit the relevant area. However, even with

these stronger, more specific allegations, the Court of Appeals for the Second Circuit

affirmed the lower court's decision dismissing the case for lack of standing. See Harty

v. Greenwich Hospital Group, LLC, 536 Fed.Appx. 154 (Mem) (2d Cir. Oct. 28, 2013).[3]

The court found that the plaintiff's complaint did not show any "concrete plan to stay

overnight in Stamford in the future" and that his allegations lacked the specificity

necessary to establish an ongoing injury caused by the defendant's alleged ADA

violations. See id. The court also rejected the plaintiff's assertion that he was an ADA

"tester" as that allegation also lacked the requisite link to Stamford. See id.

In addition, in Rizzi v. Hilton Domestic Operating Co., Inc., No. CV-18-1127 (SJF)

(ARL), 2019 WL 5874327, at *1 (E.D.N.Y. July 18, 2019), report and recommendation

adopted, No. 18-CV-1127 (SJF) (ARL), 2019 WL 4744209 (E.D.N.Y. Sep. 30, 2019), a

---

[3] Recently the court in the Northern District of New York, faced with a slew of cases brought by this Plaintiff, has (sua sponte) raised the issue of standing with the Plaintiff. See, e.g., Laufer v. Laxmi & Sons, LLC, No. 1:19-cv-01501 (BKS/ML), 2020 WL 2200207, at *1-5 (N.D.N.Y. May 6, 2020); Laufer v. 110 Western Albany, LLC, No. 1:19-cv-01324 (BKS/ML), 2020 WL 2309083, at *1-2 (N.D.N.Y. May 8, 2020). In those cases, rather than enter a default against the defendants, the court (citing Harty) has ordered the Plaintiff to file a brief by June 5, 2020 explaining why the Plaintiff's complaint should not be dismissed for lack of standing.

blind plaintiff alleged that he attempted to utilize the defendant's hospitality website to make reservations and to learn about the services and products available, but that the website was incompatible with screen reading software.  The court granted the defendant's motion to dismiss for lack of subject matter jurisdiction in part because the plaintiff did not allege facts relating to his interest in obtaining the defendant's services nor alleged any visits to the defendant's hotels.  See id. at *4.  The court concluded that the plaintiff failed to plead facts sufficient to show that he suffered a concrete and particularized injury in fact under the ADA.  Id. at *6; see also Mendez v. Apple Inc., No. 18 CIV 7550 (LAP), 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) (finding that the plaintiff lacked standing despite allegations that Apple's website was inaccessible because, among other things, she failed to allege what good or service she was prevented from purchasing); Harty v. Nyack Motor Hotel Inc., No. 19-CV-1322 (KMK), 2020 WL 1140783, at *1 (S.D.N.Y. Mar. 9, 2020) (dismissing a similar case under Rule 12(b)(6) for failing to state a claim).

Support for the Defendant's Motion to Dismiss can be found in other jurisdictions as well.  In Griffin v. Dep't of Labor Fed. Credit Union, 912 F.3d 649 (4th Cir. 2019), Brintley v. Aeroquip Credit Union, 936 F.3d 489 (6th Cir. 2019), and Carello v. Aurora Policemen Credit Union, 930 F.3d 830 (7th Cir. 2019) seeing impaired plaintiffs, claiming "tester" status, brought actions against credit unions claiming their websites were inaccessible in violation of the ADA and alleging, like the Plaintiff, that they would return to the website to test compliance.  The Fourth, Sixth and Seventh Circuit Courts of Appeals each found that the respective plaintiffs lacked standing because he or she were not eligible for, and expressed no interest in, joining the defendant credit unions.

Griffin 912 F.3d at 657; Brintley, 936 F.3d at 491, 494; Carello, 930 F.3d at 832, 835-36.

This is precisely the situation the Court faces here - a "tester" plaintiff who has no

reason or intention to actually avail herself of the goods and services of the Defendant,

but who merely alleges she intends to revisit the website in the future to test

compliance.

The court in Hernandez v. Caesars License Company, LLC, Civil No. 19-06090

(RBK/KMW), 2019 WL 4894501, at *1 (D.N.J. October 4, 2019), faced nearly identical

circumstances to the present case. The plaintiff, a resident of Florida and alleged

advocate for full compliance with the ADA, sued the operator of an Atlantic City hotel

and casino claiming that its website violated 28 C.F.R. § 36.302(e)(1), the same

regulation at issue here. The court found that the defendant's alleged non-disclosure of

accessibility information could conceivably harm a person with disabilities, provided that

person was actually looking for a place to stay in Atlantic City. Id. at *3. However, the

plaintiff in that case, like the Plaintiff here, had no interest in staying at the subject hotel

but rather his sole interest in visiting the website was to determine if it complied with the

ADA. See id. at *3. The court also found that, while testers have demonstrated

concrete injuries to support standing in other cases, the plaintiff did not. See id. at *4.

The court differentiated the plaintiff's case from cases in which testers had standing

because the plaintiff did not experience differential treatment nor did he allege he was

considering staying at the hotel. See id. Therefore, the court found plaintiff could not

demonstrate concrete injury and did not have standing. See id.; see also Hernandez v.

Caesars License Co., LLC, No. CV 19-6087, 2019 WL 6522740, at *2 (D.N.J. Dec. 4,

2019) (considering nearly identical allegations and finding that the plaintiff had "alleged

only a generalized grievance that is not particular to him, and he therefore has failed to allege facts sufficient to support Article III standing").

Other courts have also found that so-called "testers" did not have standing to bring claims under the ADA.  In Norkunas v. Park Road Shopping Center, Inc., 777 F. Supp. 2d 998, 1005 (W.D. N.C. 2008), the court held that a plaintiff claiming tester status lacked threat of imminent future harm. "Nor is Plaintiff afforded standing simply by way of his status as an ADA 'tester.'  An ADA tester does not have standing to sue under Title III in the same way a tester has standing under Title II of the Civil Rights Act of 1964, as Plaintiff suggests . . .. Instead, the law makes clear that a Title III plaintiff cannot use her status as a tester to satisfy the standing requirements where she would not have standing otherwise."  Id. at 1005; see also Brown v. Grand Island Mall Holdings, Ltd., No. 4:09cv3086, 2010 WL 489531, at *4, n.6 (D. Neb. Feb. 8, 2010) ("While the number of ADA Title III cases [the plaintiff] has filed in this court suggests this allegation is true, [the plaintiff's] 'tester' status does not relieve her of the obligation to prove in this case that she will return to the [facility] once the alleged barriers to access are removed"); Judy v. Pingue, No. 2:08-CV-859, 2009 WL 4261389, at *5 (S.D. Ohio Nov. 25, 2009) ("Any tester status that [the plaintiff] might possess does not confer standing to seek prospective relief where he cannot show a reasonable likelihood of returning to [defendant's] property").  This reasoning is consistent with the decisions discussed above and reinforces the position that the Plaintiff does not have standing here.  Accordingly, the First Amended Complaint should be dismissed under Rule 12(b)(1) or, in the alternative, the Defendant requests that the Court allow limited

discovery on the issue of standing and then schedule a hearing on the matter before further litigation.

## III.   CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Plaintiff's First Amended Complaint be dismissed under Fed. R. Civ. Proc. 12(b)(1) or, in the alternative, that limited discovery on standing be permitted and a hearing scheduled prior to further litigation in this proceeding.

**THE DEFENDANT**
**441 POST ROAD LLC**

By:_____

Melvin A. Simon, Esq.
Federal Bar No.: ct05248
Nicholas P. Vegliante, Esq.
Federal Bar No.: ct28449
Cohn Birnbaum & Shea P.C.
100 Pearl Street. 12th Floor
Hartford, CT  06103
Telephone: (860) 493-2200
Facsimile: (860) 727-0361
E-mail:  msimon@cbshealaw.com
         nvegliante@cbshealaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------------------------------------x
DEBORAH LAUFER,                      :
                                     :
                Plaintiff,           :      Case No. 3:20-cv-00448-VAB
v.                                   :
                                     :
441 POST ROAD LLC,                   :
                                     :
                Defendant.           :
                                     :
----------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2020, a copy of the foregoing

Memorandum of Law was filed electronically and served by mail on anyone unable to

accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to accept

electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this

filing through the Court's CM/ECF System.

_____
Nicholas P. Vegliante

# **<u>EXHIBIT A</u>**

 Party Search Results

**Search Criteria:** Party Search; Jurisdiction Type: [Civil]; Last Name: [laufer]; First Name: [deborah]
**Result Count:** 335 (7 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Laufer, Deborah (pla) | 3:2020cv00436 | Laufer v. RMS Danbury 1 LLC et al | Connecticut District Court | 03/31/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00443 | Laufer v. 4180 Black Rock LLC | Connecticut District Court | 04/01/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00445 | Laufer v. Lake Avenue Associates Inc | Connecticut District Court | 04/01/2020 | 07/01/2020 |
| Laufer, Deborah (pla) | 3:2020cv00446 | Laufer v. Southport Investment LLC | Connecticut District Court | 04/01/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00447 | Laufer v. Greenwich Harbor (DEL) LLC | Connecticut District Court | 04/01/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00448 | Laufer v. 441 Post Road LLC | Connecticut District Court | 04/01/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00804 | Laufer v. Fyoti | Connecticut District Court | 06/10/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00846 | Laufer v. Lord Krishna LLC et al | Connecticut District Court | 06/19/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00861 | Laufer v. Stratford Hotel Partners LLC | Connecticut District Court | 06/22/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00862 | Laufer v. Somnath Inc | Connecticut District Court | 06/22/2020 | |
| Laufer, Deborah (pla) | 3:2020cv00883 | Laufer v. Janki Shivam Krupa LLC | Connecticut District Court | 06/25/2020 | |
| LAUFER, DEBORAH (pla) | 1:2020cv01192 | LAUFER v. JETSET HOSPITALITY, LLC | District Of Columbia District Court | 05/07/2020 | |
| LAUFER, DEBORAH (pla) | 1:2020cv01193 | LAUFER v. COLUMBIA REALTY VENTURE LLC | District Of Columbia District Court | 05/07/2020 | |
| LAUFER, DEBORAH (pla) | 1:2020cv01194 | LAUFER v. GEORGETOWN WASHINGTON DC INN LLC | District Of Columbia District Court | 05/07/2020 | |
| LAUFER, DEBORAH (pla) | 1:2020cv01508 | LAUFER v. 29TH & K ASSOCIATES LP MATTHEWS CO | District Of Columbia District Court | 06/09/2020 | |
| LAUFER, DEBORAH (pla) | 1:2020cv01531 | LAUFER v. HARVEST ADVERTISING AGENCY INC | District Of Columbia District Court | 06/10/2020 | |
| Laufer, Deborah (pla) | 3:2019cv01330 | Laufer v. Off the Dime Inc., et al. | Florida Middle District Court | 11/21/2019 | 04/02/2020 |
| Laufer, Deborah (pla) | 8:2020cv00615 | Laufer v. EJRFA LLC | Florida Middle District Court | 03/17/2020 | 04/10/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00198 | LAUFER v. KRISHNA RNS2005 INC | Florida Northern District Court | 10/16/2019 | 05/05/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00200 | LAUFER v. ARAPAN LLC | Florida Northern District Court | 10/17/2019 | |
| LAUFER, DEBORAH (pla) | 1:2019cv00201 | LAUFER v. MSB HOTELS III LLC | Florida Northern District Court | 10/17/2019 | 12/10/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00202 | LAUFER v. ABJULHUSSEIN et al | Florida Northern District Court | 10/17/2019 | 12/30/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00203 | LAUFER v. KABIR INC et al | Florida Northern District Court | 10/17/2019 | 11/27/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00204 | LAUFER v. ERSHCO LLC | Florida Northern District Court | 10/17/2019 | |

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| LAUFER, DEBORAH (pla) | 1:2019cv00205 | LAUFER v. KOMO, INC. | Florida Northern District Court | 10/17/2019 | 01/10/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00206 | LAUFER v. OM MAA OM LLC et al | Florida Northern District Court | 10/17/2019 | 11/20/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00207 | LAUFER v. OFF THE DIME INC et al | Florida Northern District Court | 10/17/2019 | 11/20/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00208 | LAUFER v. JAI BALAIJI INC | Florida Northern District Court | 10/18/2019 | 05/04/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00209 | LAUFER v. KOMO, INC. | Florida Northern District Court | 10/18/2019 | 11/20/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00224 | LAUFER v. 201 MIRACLE FWB LLC | Florida Northern District Court | 10/27/2019 | 02/11/2020 |
| LAUFER, DEBORAH (dft) | 1:2019cv00225 | LAUFER v.JAI GURUDEV, LLC | Florida Northern District Court | 10/28/2019 | 01/08/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00259 | LAUFER et al v. B J HOSPITALITY INC | Florida Northern District Court | 11/12/2019 | 01/03/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00260 | LAUFER v. BLUEWATER BAY HOTEL GROUP LLC | Florida Northern District Court | 11/12/2019 | |
| LAUFER, DEBORAH (pla) | 1:2019cv00261 | LAUFER v. TAPPER & COMPANY PROPERTIES MANAGEMENT INC et al | Florida Northern District Court | 11/12/2019 | 07/01/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00263 | LAUFER v. BSREP II WS HOTEL TRS SUB LLC et al | Florida Northern District Court | 11/12/2019 | 04/17/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00264 | LAUFER v. HARIAUM INVESTMENTS INC | Florida Northern District Court | 11/12/2019 | |
| LAUFER, DEBORAH (pla) | 1:2019cv00265 | LAUFER v. AJ HOSPITALITY FWB LLC | Florida Northern District Court | 11/12/2019 | 02/18/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00266 | LAUFER v. BENNETT'S REEF INC | Florida Northern District Court | 11/12/2019 | |
| LAUFER, DEBORAH (pla) | 1:2019cv00267 | LAUFER v. RESORT HOSPITALITY ENTERPRISES LTD | Florida Northern District Court | 11/12/2019 | 03/10/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00268 | LAUFER v. THE FLAGLER OF ST. AUGUSTINE LLC, et al | Florida Northern District Court | 11/12/2019 | |
| LAUFER, DEBORAH (pla) | 1:2019cv00269 | LAUFER v. GULF WALTON, INC. | Florida Northern District Court | 11/12/2019 | 02/20/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00270 | LAUFER v. RUDRAH LLC | Florida Northern District Court | 11/12/2019 | 02/26/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00274 | LAUFER v. CAPE SAN BLAS BED AND BREAKFAST LLC | Florida Northern District Court | 11/12/2019 | 12/10/2019 |
| LAUFER, DEBORAH (pla) | 1:2019cv00275 | LAUFER v. PTW LLC | Florida Northern District Court | 11/12/2019 | 04/08/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00276 | LAUFER v. BENNETT'S REEF INC | Florida Northern District Court | 11/12/2019 | |
| LAUFER, DEBORAH (pla) | 1:2019cv00277 | LAUFER v. KRISHNA VENTURES OF PANAMA CITY BEACH, LLC | Florida Northern District Court | 11/12/2019 | 01/07/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00278 | LAUFER v. SHIVA HOTEL, INC et al | Florida Northern District Court | 11/13/2019 | 03/18/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00279 | LAUFER v. ASHTON, LLP | Florida Northern District Court | 11/13/2019 | 03/25/2020 |

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| LAUFER, DEBORAH (pla) | 1:2019cv00280 | LAUFER v. RELAX HOSPITALITY LLC | Florida Northern District Court | 11/13/2019 | 02/05/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00281 | LAUFER v. P & R HOSPITALITY LLC | Florida Northern District Court | 11/13/2019 | 05/31/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00282 | LAUFER v. J & K SAI HOSPITALITY LLC | Florida Northern District Court | 11/13/2019 | 04/01/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00283 | LAUFER v. BAY BEACH HOTEL LLC | Florida Northern District Court | 11/13/2019 | 04/23/2020 |
| LAUFER, DEBORAH (pla) | 5:2019cv00475 | LAUFER v. PANAMA CITY BEACH HOTEL LLC | Florida Northern District Court | 11/12/2019 | 03/05/2020 |
| LAUFER, DEBORAH (pla) | 1:2019cv00287 | LAUFER v. CLUB DESTIN CONDOMINIUM ASSOCIATION INC | Florida Northern District Court | 11/19/2019 | |

| PACER Service Center | | |
|---|---|---|
| | **Receipt** 07/07/2020 10:43:50 1786199108 | |
| **User** | cbs100pearl | |
| **Client Code** | | |
| **Description** | Civil Party Search | |
| | All Courts; Name laufer, deborah; Jurisdiction CV; All Courts; Page: 1 | |
| **Billable Pages** | 1 ($0.10) | |