UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
DEBORAH LAUFER,

       Plaintiff,  :  Case No. 3:20-cv-00448-VAB

v.

441 POST ROAD LLC,

       Defendant.
------------------------------------------------------------x  SEPTEMBER 3, 2020

## MEMORANDUM IN OPPOSITION TO
## REQUEST FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

The Defendant, 441 Post Road LLC, though its undersigned counsel, hereby objects to the Plaintiff's Request for Leave to Amend First Amended Complaint (ECF No. 29) ("Request for Leave") and respectfully states as follows:

1. The Plaintiff filed her initial Complaint in this action on April 1, 2020.

2. On June 3, 2020, the Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 10.

3. On June 25, 2020, the Plaintiff sought leave, with Defendant's consent, to amend her complaint. ECF No. 14. The Court granted the motion on June 26, 2020. ECF No. 16.

4. The Court then issued an order finding the pending Motion to Dismiss moot and advising that, to the extent the issues raised therein still applied, the Defendant could move to dismiss the First Amended Complaint. ECF No. 17.

5. On July 7, 2020, the Defendant filed a new, and still pending, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 21.

6.      The Plaintiff filed an opposition brief on July 21, 2020 (ECF No. 25) and the Defendant filed a reply memorandum on August 2, 2020 (ECF No. 26). On August 10, 2020 the Plaintiff filed a Motion to Strike Reply or, in the Alternative, for Leave to File a Sur-Reply. ECF No. 27. In summary fashion, the Court denied the motion to strike but granted the Plaintiff permission to file a sur-reply. ECF No. 28.

8.      On August 14, 2020, the Plaintiff filed her current Request for Leave in which she purportedly seeks permission to file a Second Amended Complaint in order to provide additional information concerning her past travels and future travel plans to the tri-state area.

9.      The Plaintiff's Request for Leave should not be granted as it would be futile. "Although leave to amend must be freely given under ordinary circumstances, denial is proper where the proposed amendment would be 'futile.' An amendment is considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." Nwachukwu v. Liberty Bank, No. 3:16-CV-704 (CSH), 2016 WL 3647837, at *2 (D. Conn. July 1, 2016) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal citations omitted). First, the Request for Leave fails to include a redline of the proposed Second Amended Complaint as required by D. Conn. L. Civ. R. 7(f)(2).[1] However, even without a redline, it is apparent that the proposed Second Amended Complaint (ECF No. 29-1) has nothing to do with the present case. It does not refer to or contain allegations concerning the Defendant, 441

---

[1] Plaintiff's counsel also failed to comply with Local Rule 7(f)(1). Despite Plaintiff counsel's assertion to the contrary, Plaintiff's counsel did not afford Defendant's counsel a reasonable time to respond. Plaintiff's counsel left a voicemail for one of Defendant's counsel, Melvin Simon, shortly before filing the Request for Leave. Plaintiff's counsel made no effort to reach out to Defendant's other appearing counsel, Nicholas Vegliante, who has also been actively involved in these proceedings.

Post Road, LLC. Instead, it refers to two strangers to this case, Hospitality Investments Inc. and Ganesha Hospitality LLC, and a different hotel. Presumably, these allegations are from one of the hundreds of other similar actions brought by the Plaintiff. Accordingly, as the Proposed Second Amended Complaint does not make any allegations concerning the Defendant, it would be subject to dismissal under Rule 12(b)(6) and the Request for Leave should therefore be denied as being futile.

10.    Furthermore, the Request for Leave should be denied as it threatens to improperly delay proceedings and prejudice Defendant by forcing it to incur further, unnecessary costs. See Credit Suisse First Boston LLC v. Coeur d'Alene Mines Corp., No. 03CIV.9547(PKL)(MHD), 2005 WL 323714, at *4 (S.D.N.Y. Feb. 10, 2005) (relying on Foman v. Davis, 371 U.S. 178, 182 (1962), and stating that delay, failure to provide an explanation for such delay and prejudice to the non-movant are factors that courts must consider when exercising their discretion under Rule 15(a)). The Defendant's initial Motion to Dismiss was filed on June 3, 2020 which the Request for Leave purports to address. Since then (i) the Plaintiff has filed a brief in opposition to the initial Motion to Dismiss, (ii) the Defendant has filed a second Motion to Dismiss, (iii) the Plaintiff has filed a new opposition brief, (iv) the Defendant filed a reply brief and (v) the Plaintiff sought, and was granted, permission to file a sur-reply. However, despite being well aware of these issues for over two months and extensive briefing, the Plaintiff has offered no explanation why she waited until now, after the Defendant's Motion to Dismiss was briefed twice, before seeking leave to amend. It would appear that the Plaintiff is attempting to delay these proceedings and force the Defendant to incur additional costs.

11.  Moreover, the Plaintiff is in the midst of litigating these same issues with the undersigned counsel in Laufer v. 4180 Black Rock LLC, 3:20-cv-00443-JAM, and has employed the same tactics. In that case, the Court has already denied the Plaintiff's request for leave to amend the complaint due to the deficiencies discussed above and expressed concern that the request "may be an improper delay tactic and one designed to impose unnecessary costs on the defendant."[2] A copy of this Order is attached hereto as **Exhibit A**.

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's Request for Leave.

**THE DEFENDANT**
**441 POST ROAD LLC**

By: _____/s/ Nicholas P. Vegliante_____
Melvin A. Simon, Esq.
Federal Bar No.: ct05248
Nicholas P. Vegliante, Esq.
Federal Bar No.: ct28449
Cohn Birnbaum & Shea P.C.
100 Pearl Street. 12th Floor
Hartford, CT  06103
Telephone: (860) 493-2200
Facsimile: (860) 727-0361
E-mail:  msimon@cbshealaw.com
            nvegliante@cbshealaw.com

---

[2] The Plaintiff has since filed another request for leave to amend in that case. Although the allegations contained in the new proposed amended complaint in that matter relate to the correct case, they merely present vague, insufficient "some day" allegations and thus are still futile and would be subject to a motion to dismiss. See Harty v. Greenwich Hosp. Group, LLC, No. 3:11CV1759 (AVC), 2012 WL 12895677, at *2, aff'd, 536 Fed. Appx. 154 (2d Cir. 2013).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x
DEBORAH LAUFER,

       Plaintiff,

v.

441 POST ROAD LLC,

       Defendant.
---------------------------------------------------------------x

Case No. 3:20-cv-00448-VAB

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2020, a copy of the foregoing Memorandum in Opposition to Request for Leave to Amend First Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/ Nicholas P. Vegliante
                                                      Nicholas P. Vegliante

202694v1